**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Tanya Mandery,

Plaintiff,

-vs-

Allina Health Systems d/b/a
United Hospital
Allied Interstate, Inc. d/b/a
First Contact, Inc.,
a Minnesota corporation, and
"Angie," individually,

Defendants.

Court File No.: CV 00-208 PAM/SRN

**STIPULATION TO AMEND PLAINTIFF'S COMPLAINT**
and ORDER

---

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, by their respective undersigned attorneys, that:

1. Plaintiff will file the attached proposed Amended Complaint adding additional facts and changing the caption, ten (10) days from the date of this Order.

2. Defendants will have twenty (20) days after service of Plaintiff's Amended Complaint to interpose an Answer or otherwise plead and is in no way an admission to the allegations in Plaintiff's Amended Complaint; and

3. That this Stipulation is in accordance with Fed. R. Civ. P. 15.

**ATTORNEY FOR PLAINTIFF**

By: ______________________
Thomas J. Lyons, Jr.
Attorney I.D. #249646
1560 Beam Avenue, Suite A
Maplewood, Minnesota 55109-1171
(651) 770-9707

Dated: 12/11/00

**ATTORNEY FOR DEFENDANTS ALLIED, AND ANGIE**

By: ______________________
Alana K. Bassin (#266589)
James F. Roegge (#92678)
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-0661

and

FILED DEC 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

**ATTORNEY FOR DEFENDANT ALLINA HEALTH**

By: [signature]
Tracey L. Galinson
Attorney I.D. #: 248435
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402-4501
(612) 338-1838

Dated: 12/15/00

Michael L. Brutlag
Attorney I.D. #: 123225
1100 Pillsbury Center, 200 South 6th Street
Minneapolis, Minnesota 55402-1400
(612) 630-3203

~~Dated:~~ [signature]
12-13-00
CoCounsel for Defendants Allied and "Angie"

**ORDER**

Pursuant to the foregoing Stipulation, Plaintiff may serve upon the Defendants the Amended Complaint, which is attached hereto.

LET THE STIPULATION BE ENTERED ACCORDINGLY.

Dated: December 20, 2000

BY THE COURT:

[signature] Susan Richard Nelson
Magistrate Judge Susan R. Nelson
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tanya Mandery,

Plaintiff,

-vs-

Allina Health Systems d/b/a
United Hospital
Allied Interstate, Inc.,
First Contact, Inc.,
a Minnesota corporation, and
"Angie," individually,

Defendants.

Court File No.: CV 00-208 PAM/SRN

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1337 and pursuant to 15 U.S.C. § 1692k(d).

## II. PARTIES

2. Plaintiff Tanya Mandery is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant Allied Interstate, Inc. (hereinafter "Allied"), is a Minnesota corporation, operating a nationwide debt collection agency. Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, its principal purpose is the collection of debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

4. Defendant First Contact Inc. (hereinafter "First Contact") is a Minnesota corporation. Upon information and belief Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, its principal purpose is the collection of debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant "Angie" is an employee of Defendant First Contact and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Allina Health Systems d/b/a United Hospital ("United") is a medical services provider which is a creditor as that term is defined by 15 U.S.C. §1692a(5).

## III. FACTUAL ALLEGATIONS

7. On or about August 9, 1997, Plaintiff incurred a consumer debt with United Hospital during an emergency room visit.

8. Plaintiff had forgotten that she owed any money to United since there had been minimal contact with the hospital.

9. Defendant United caused to be hired the co-defendants in an attempt to collect Plaintiff's account.

10. Upon information and belief, Defendants Allied and First Contact are agents of one another as they are owned and operated by Douglas Lewis and share the same physical address.

11. Subsequently and without warning or notice, Defendants caused to be placed to Plaintiff's home telephone, a dunning call which was received by Plaintiff's mother Arlene Mandery.

12. The conversation between Defendant First Contact's agent, Defendant Angie and Plaintiff's mother on June 23, 2000, which was reduced to writing by Arlene that same day is attached as Exhibit 1.

13. During the course of the conversation Defendant Angie disclosed several personal and private items of information to Plaintiff's mother including but not limited to (1) the fact that Plaintiff owed money, (2) that Angie was calling from a collection agency, (3) that the

Plaintiff owed money, (2) that Angie was calling from a collection agency, (3) that the alleged debt in the amount of $600.46 resulted from an unpaid hospital bill, and (4) that the creditor to which it was owed was United since August 9, 1997, all in violation of 15 U.S.C. §§ 1692b 1692c and 1692f.

14. Further, Defendant Angie told Plaintiff's mother that Plaintiff had to call her back at 1-800-256-3806 and reference account number 54109167221.

15. The number 1-800-256-3806 rings and is answered by agents of Defendant Allied.

16. As a result of the disclosure of her personal private financial information Plaintiff was embarrassed, humiliated and emotionally distraught when confronted by her mother about the United debt which had not been previously known or discussed.

17. Despite the third party disclosure to Plaintiff's mother Defendants also failed to send to Plaintiff an initial written dunning communication in violation of 15 U.S.C. §1692g(a).

18. Plaintiff, through her attorney, attempted to contact Defendant in an attempt to resolve this problem prior to filing suit.

19. Defendants, through their attorney, responded by denying that it even knew who Plaintiff was or that it collected debts on behalf of United. (See attached Exhibit 2).

20. Upon information and belief, Defendants have set up a "pre-collect" artifice which claims to be a "customer service" provider for creditors such as medical providers (Allina Health Systems), cellular telephones, and others.

21. Employees of Defendants are not trained to comply with the Fair Debt Collection Practices Act, in deliberate disregard for consumer debtor's rights.

22. The Defendants' pre-collect artifice works in the following manner: accounts are placed with Defendants for a single contact ("First Contact"), there is no written correspondence mailed to the consumer in violation of 15 U.S.C. §1692g(a), and if no payment arrangement is made then the account is removed and sent to another agency.

23. Specifically, Plaintiff's account was sent to Defendants by United prior to June 23, 2000 for "first contact" then after the illegal disclosure outlined in the preceding paragraphs the account was transferred either back to United or directly to Reliance Recoveries for traditional collection on August 3, 2000, according to United's internal billing records.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## IV. CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692f and 1692g.

27. In violating the aforementioned provisions of the FDCPA, Plaintiff has suffered out-of-pocket expenses as a result and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

28. As a result of Defendant's conduct, Plaintiff is entitled to recover damages for her anguish in an amount to be determined at trial.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND PUBLICATION OF PRIVATE INFORMATION

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

30. Defendants' intentional and deliberate conduct resulted in an unreasonable intrusion upon Plaintiff's right to seclusion concerning her private, confidential financial information and matters pertaining thereto and thus constitutes an invasion of her privacy.

31. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, by disclosing the aforementioned information to her mother.

32. The Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns or affairs.

33. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

34. Further, Defendants' intentional and deliberate conduct resulted in disclosure of private and confidential facts to third parties, including but not limited to Plaintiff's mother.

35. Defendants conduct resulted in the publication of Plaintiff's private information which was highly offensive to Plaintiff and the information published was not of legitimate concern to the public.

36. Defendants' conduct caused Plaintiff's out of pocket damages and severe emotional distress, embarrassment and humiliation.

## COUNT III.

## NEGLIGENT HIRING, RETENTION AND SUPERVISION

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

38. Defendant United had a non-delegable duty to hire, supervise, control and monitor their agents engaged in the collection of the medical debt in such a manner to insure that illegal, abusive and tortious conduct was not taking place during the collection process.

39. Defendant United specifically hired Defendants to collect the alleged debt from Plaintiff with knowledge that Defendants were not properly trained or supervised in the areas of Fair Debt Collection Practices Act compliance and that "first contact" was less than adequate means to collect knowing that more traditional and responsible collection would take place at Reliance.

40. Defendant First Contact and its agents were at all times working within the course and scope of their employment for United.

41. As a result of Defendant United's negligence Plaintiff suffered damages to her reputation, relationship and self-esteem in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants for:

a. Statutory damages of $1,000.00 per Defendants pursuant to 15 U.S.C. §1692k;

b. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

c. Actual damages in an amount to be proven at trial;

d. For an award of actual damages of $25,000.00 for Defendants' invasion of privacy and negligence;

e. For an award of actual damages for Defendant United's Negligent Hiring, Retention and Supervision in an amount to be determined at trial; and

e. For such other and further relief as may be just and proper.

Dated this 6th day of December, 2000.

Respectfully submitted,

**CONSUMER JUSTICE CENTER, P.A.**

By: ____________________

Thomas J. Lyons Jr.
Attorney for Plaintiff
Attorney I.D. No.: 249646
1560 Beam Avenue, Suite A
Maplewood, Minnesota 55109-1171
Telephone: (651) 770-9707

6-23-00

I talked to angie from Allied Interstate. She ask if Tanya mandery was available. I said No. Can I take a message. She said she was from Allied Snoterstate. It was about a bill She owed. I said for what. She said about a bill for the hospital. I said Hospital she said yes. I said what hospital. She said untied hospital, I said when Was She there. She said 8-9-97. I said how much is the Bill. She said $1600.46

EXHIBIT

1

I said what was she there for. She said I had to ask Tanya. I said are you sure it's Tanya Tanya she said yes. Have her call angie at Allied Interstate at 1-800-256-3806 And she said heres her account No 54109167221 I said OK.

Arlene Mandery

BRUTLAG, HARTMANN & OKONESKI, P.A.
*Attorneys at Law*
1100 Pillsbury Center
200 South 6th Street
Minneapolis, MN 55402

Telephone: (612) 630-3200
FAX: (612) 630-3201

Michael L. Brutlag*
John T. Hartmann
Thomas J. Okoneski

*Also admitted in Wisconsin
Real Property Specialist, Certified
By The Minnesota State Bar Association

Michael L. Brutlag
(612) 630-3203

**BY FACSIMILE**
(651) 770-5830

August 8, 2000

Mr. Thomas Lyons, Jr.
Attorney at Law
1560 Beam Avenue, Suite A
St. Paul, MN 55109

Re: **Tonya Mandery v. Allied Interstate, Inc.**
**Your File No. 9687**
**Our File No. 2166-167**

Dear Mr. Lyons:

I have received your letter dated July 25, 2000 concerning Tonya Mandery. The letter and Complaint were forwarded to my client for comment. My client reports the following:

1. They do not now nor, to the best of their knowledge, have they recently had a file in collection involving Ms. Mandery.

2. Allied Interstate, Inc. does not collect for United Hospital.

3. The Account No. "54109167221" has no meaning within the Allied system and it bears no resemblance to Allied's account numbering system in general.

Simply put, I think your client has the wrong company. Allied Interstate, Inc. has not been contacting Ms. Mandery. As you probably know, there are various other collection agencies around the United States which have the name "Allied" in their name. These other agencies are not affiliated with Allied Interstate, Inc. It appears most likely that your client has simply confused my client and another agency.

By now, you should have dealt with Allied matters often enough to get a general sense of my client's collection procedures. If Allied Interstate, Inc. had a matter in collection involving your client, they would have sent your client one or more letters (probably several letters). Did your client receive any such letters from my client? I am virtually certain that the answer will be no, since my client isn't attempting to collect a debt from your client, but if they were, she would have a letter with an

EXHIBIT
2

account number or other reference. Without a letter, or a valid account number, or any other legitimate confirmation that my client actually has such a matter in collection, it would appear that your client's mother was simply mistaken as to who called. The facts certainly wouldn't come close to meeting the affirmative requirements of Rule 11.

Let me know if you have something more concrete than what has been listed in your letter and proposed Complaint. My client denies any involvement, and absent some confirmation of their involvement, the matter must clearly be dropped.

Very truly yours,

Michael L. Brutlag

MLB:mam808